**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

GINA BERNACCHI,

                     Plaintiff,

    v.

FIRST CHICAGO INSURANCE COMPANY,
CHICAGO SEVEN CAB INC.
                     Defendant.

Case No. 1:23-cv-16091
**TRIAL BY JURY**

**COMPLAINT FOR BREACH OF CONTRACT**

NOW COMES, the Plaintiff, GINA BERNACCHI, by and through her attorney, Kent D. Sinson of the Sinson Law Group, and for her Complaint for Breach of Contract, the Plaintiff states as follows:

**STATEMENT OF THE CASE**

1.      This action is a breach of contract for bad faith insurance practices. On November 13, 2023, First Chicago Insurance Company's attorney, Mark Mordini, orally represented that First Chicago's adjustment had valued the claim at at least $350,000.00. No payment has been made. First Chicago Insurance company refuses to pay. As of February 11, 2021, there was no bona fide dispute as to liability or damages. Gina Bernacchi submitted a proof of loss and demanded payment on February 11, 2021, March 29, 2021, September 22, 2023, and November 3, 2023.

2.      Almost three years after receiving proof of the loss, First Chicago Insurance Company has made no payment. Under 215 ILCS 5/155(1), First Chicago is liable for breach of contract because (1) there is a not a dispute about liability; (2) there is not a dispute that damages are at least $350,000.00; and (3) because First Chicago has in the past and continues to be liable to pay for an unreasonable delay in paying the claim.

3.      This lawsuit is a breach of contract action which, among other remedies, seeks damages under 215 ILCS 5/155.

## PARTIES

4.      First Chicago Insurance Company is an insurance company formed under the laws of the State of Illinois, with its principal place of business 6640 S. Cicero Avenue, Bedford Park, Illinois 60638.  First Chicago Insurance Company conducts business in Illinois, and within the geographical boundaries of this District.  First Chicago Insurance Company is licensed by the Illinois Department of Insurance to provide insurance in the state of Illinois.

5.      Gina Bernacchi is a citizen of Michigan and resides in Sawyer, Michigan, and seeks coverage under an insurance policy issued in this District.

6.      Chicago Seven Cab Inc was for all times relevant to this action. An Illinois Corporation with its principle place of business of 2617 S. Wabash Ave. Chicago, Illinois 60616.

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332 as the amount in controversy exceeds $75,000.00 exclusive of costs and interest and the parties are citizens of different states.

8.      Venue is proper in this District pursuant to 28 U.S.C. §1391 as the case concerns a breach of an insurance contract issued in this District for a motor vehicle accident occurring within this District.

## FACTUAL BACKGROUND

9.      On December 29, 2018, Plaintiff Gina Bernacchi was a passenger in the back of a taxicab, 2012 Ford Escape, which was in traffic facing northbound on Michigan Avenue at or near Ohio Avenue in County of Cook, State of Illinois.  The taxicab which was owned by Chicago

2

Seven Cab Inc. was insured by First Chicago Insurance Company. On December 24, 2018, Donshawn D. Saunders was operating a 2017 Nissan motor vehicle eastbound on Ohio Avenue.

10.     At the time and place aforesaid, a collision occurred when the vehicle driven by Saunders ran a red light and negligently struck the vehicle in which Plaintiff was a backseat passenger.

11.     The negligent acts of Saunders were a proximate cause of said collision and of the Plaintiff's bodily injuries.

12.     At the time of the accident Donshawn Saunders had never had a valid driver's license. The vehicle owner's policy with American Access Casualty Company precluded coverage for Saunders under *Founders Insurance Company v. Munoz*, 237 Ill.2d 424 (2010). Therefore at the time of the accident Donshawn Saunders was an uninsured motorist.

13.     At all relevant times First Chicago Insurance Company Auto Policy number LVA 49878-5669TX was in full force and effect. (Certified copy of Policy No. LVA 49878-5669TX is attached hereto as **Exhibit A**).

14.     Under the policy, First Chicago promised to pay uninsured motorist coverage for loss suffered by Bernacchi.

15.     On February 10, 2021, Judge Sanjay Tailor entered the following order:

> It is hereby ordered that a declaratory judgment is entered on Plaintiff, Gina Bernacchi's behalf and against the Defendants' Chicago Seven Cab, Inc., and First Chicago Insurance Company declaring that under the facts and the law under First Chicago Insurance Company's Policy LVA-49878-5669TX issued to Chicago Seven Cab, Inc., for the accident of December 24, 2018, Plaintiff, Gina Bernacchi has underinsured and uninsured motorist coverage with policy limits of $350,000.00 available to her for her alleged loss.

16.     On or about December 28, 2018, a covered direct, physical loss occurred to Bernacchi.

3

17. In exchange for a premium, First Chicago Insurance Company agreed under the policy to provide passengers like Bernacchi with uninsured motorist coverage in the event of a loss.

18. In exchange for a premium, First Chicago Insurance Company agreed under the policy to provide $350,000.00 in uninsured motorist coverage.

19. Chicago Seven Cab Inc. performed all of their obligations as required under the policy and all conditions precedent including payment of all premiums due.

20. The policies "Illinois Uninsured Motorist Coverage" provides:

**A. Coverage**
1. We will pay all sums the "insured" is legally entitled to recover as compensatory damages from the owner or driver of an "uninsured motor vehicle." **(Exhibit A, p. 26)**

21. Bernacchi timely notified First Chicago Insurance Company of the uninsured loss.

22. Bernacchi provided First Chicago Insurance Company all of the medical records concerning her injuries caused by the accident. These records totaled 1364 pages.

23. Bernacchi provided First Chicago Insurance Company every single medical bill of Plaintiff for treatment she received for injuries caused by the accident. These medical bills total approximately $135,000.00. She is a candidate for future revision surgery that would cost an additional $139,170.15.

24. Bernacchi provided First Chicago Insurance Company a total of 1397 pages of documents relating to Plaintiff's claim.

25. Bernacchi issued a demand to adjust the loss on First Chicago Insurance Company on February 11, 2021 on March 30, 2021, on September 22, 2023, and on November 3, 2023. **(Exhibit B)**

26. The insurance policy in this case is a classic contract of adhesion. *Cramer v. Insurance Exchange Agency*, 174 Ill. 2d 513, 533 (1996). Adhesion contracts are those in which the parties are in disparate bargaining positions and one party – in this case Gina Bernacchi – has no hand in drafting the agreement but rather must "take it or leave it" as the other party – in this case First Chicago Insurance Company – has drafted. *Williams v. Illinois State Scholarship*, 139 Ill. 2d 24, 72 (1990).

27. The Seventh Circuit Court of Appeals said in *Creation Supply, Inc. v. Selective Ins. Co.*, 995 F.3d 576:

> Section 155 "limits and refines recovery for the tort of vexatious and unreasonable delay." *Mohr v. Dix Mut. Cnty. Fire Ins. Co.*, 143 Ill. App. 3d 989, 493 N.E.2d 638, 643, 97 Ill. Dec. 831 (Ill. App. Ct. 1986) (citations omitted). It states in relevant part:
>
>> In any action by or against a company wherein there is in issue [1] the liability of a company under a policy or policies of insurance or [2] the amount of the loss payable thereunder, or [3] for an unreasonable delay in settling a claim, and it appears to the court that such action or delay is vexatious and unreasonable, the court ay allow as part of the taxable costs in the action reasonable attorney fees [and] other costs.
>
> 215 Ill. Comp. Stat. 5/155 (2020).
>
> According to Illinois courts, "[t]he language of this section is entirely plain." *Neiman v. Econ. Preferred Ins. Co.*, 357 Ill. App. 3d 786, 829 N.E.2d 907, 914, 293 Ill. Dec. 982 (Ill. App. Ct. 2005). Section 155 does not create a cause of action but rather "provides an extracontractual remedy for policyholders who have suffered unreasonable and vexatious conduct by insurers with respect to a claim under [a] policy." *Cramer v. Ins. Exch. Agency*, 174 Ill. 2d 513, 675 N.E.2d 897, 902, 221 Ill. Dec. 473 (Ill. 1996); *accord Hennessy Indus., Inc. v. Nat'l Union Fire Ins Co. of Pittsburgh*, 770 F.3d 676, 679 (7th Cir. 2014) (holding that Section 155 "provides a remedy in a specified type of 'action' [**6] (case); it does not create a cause of action; it presupposes rather than authorizes a suit").
>
> Three issues remain undecided: [1] the liability of the insurer, [2] the amount owed under the policy, or [3] whether a delay in settling a claim has been unreasonable." *Neiman*, 829 N.E.2d at 914.

28. As the Seventh Circuit Court of Appeals said in *Logan v. Commercial Union Ins. Co.*, 96 F.3d 971:

Logan's assertion of substantial need arises from the proof problem inherent in a claim for bad faith. For such a claim, nearly all potential evidence of bad faith lies in the defendant's communications during the period of the allegedly wrongful conduct, and thus Logan argues that preventing him from overcoming the work product privilege and discovery Commercial Union's private communications would deny him access to the only existing proof that Commercial Union acted in bad faith.

There is much to commend in Logan's arguments, and we recognize that allowing a plaintiff to overcome an insurer's work product privilege may be particularly appropriate in an action of bad faith, in light of the insurer's virtual monopoly over the evidence required to support such an action. *See Holmgren v. State Farm Mut. Auto. Ins. Co.*, 976 F.2d 573, 576-78 (9th Cir. 1992). "In a bad faith insurance claim settlement case, the 'strategy, mental impressions and opinion of [the insurer's] agents considering the handling of a claim are directly at issue,'" and thus it is clear that "unless the information is available elsewhere, a plaintiff ma be able to establish a compelling need for evidence in the insurer's claim file regarding the insurer's opinion of the viability and value of the claim." *Id.* at 577 (quoting *Reavis v. Metropolitan Property & Liability Ins. Co.*, 117 F.R.D. 160, 164 (S.D. Cal. 1987)

On the other hand, a naked claim of bad faith cannot, without more, authorize a fishing expedition into privileged communications, Thus, a mere allegation of bad faith is insufficient to overcome the work product privilege. The plaintiff must demonstrate some likelihood or probability that the documents sought may contain evidence of bad faith. Of course, this required showing is not a high hurdle because the plaintiff, without seeing the documents, can only speculate as to their likely contents. He need only show the possibility, not the certainty, that the claim documents contain evidence of bad faith.

## BREACH OF CONTRACT

29.     Chicago Seven Cab Inc. and First Chicago Insurance Company entered into a enforceable contract namely the insurance policy attached as **Exhibit A**.

30.     Chicago Seven Cab Inc. and First Chicago Insurance Company both provided consideration under the insurance contract.

31.     Chicago Seven Cab Inc. has performed all of their obligations under the insurance contract.

32.     As a passenger in a cab insured by First Chicago Insurance Company, Ms. Bernacchi is a beneficiary of the aforementioned policy. Ms. Bernacchi has performed all her

obligations under the contract. First Chicago cannot point to any policy language that Ms. Bernacchi did not comply with. [1]

33.       First Chicago Insurance Company breached the insurance contact by failing to pay the undisputed $350,000.00 value of the claim. On November 13, 2023, attorney Mark Mordini, on behalf of First Chicago Insurance Company, represented to Plaintiff's counsel in an oral conversation that First Chicago's adjustment of the claim had determined that Gina Bernacchi was entitled to at least $350,000.00 under the contract. At no time did First Chicago deny the claim.

34.       First Chicago Insurance Company also breaches the contract by engaging in unreasonable delay in paying the claim from February 11, 2021 to Present.

WHEREFORE, Plaintiff, GINA BERNACCHI, prays that this Honorable Court enter an order and adjudge that First Chicago Insurance Company must pay:

---

[1] The Illinois Department of Insurance under 215 ILCS 5/143 would never approve a contract provision which said, "Before First Chicago owes payment on a first party claim, the insured must sign a release of all causes of action, including for all First Chicago violations of 215 ILCS 5/155." No insurance company would dare write that in their insurance policy. Even a release that does not reference the waiver of a claim for unreasonable and vexatious delay in paying a claim, waives the Section 155 claim under Illinois law. *Moles v. Illinois Farmers Ins. Co.*, 2023 IL App. (1st) 220853. (¶ 8, 27) In *Charter Props. v. Rockford Mut. Ins. Co.*, 2018 IL App. (2nd) 170637, the court held that evidence of improper practices contained in 50 Ill. Adm. Code 919.50 "is relevant and tends to support a Section 155 claim." (¶ 36, 37, 38)

First Chicago has never affirmed or denied liability on Bernacchi's claim in writing. First Chicago has had Bernacchi's proof of loss statement for two years and eight months. Any undisputed amounts must be paid in 30 days. According to Mr. Mordini, $350,000.00 is an undisputed amount. First Chicago has never responded in writing to Plaintiffs correspondence of February 11, 2021, September 22, 2023, or November 3, 2023. On November 16, 2023, Mr. Mordini wrote, "I have the $350,000.00 check in hand ready to tender to you personally, upon your client signing a release in settlement of her claim." See *Acheron Med. Supply LLC v. Cook, Inc.*, 2017 U.S. Dist. LEXIS 162492 citing *Whitt v. Godwin*, 139 S.E.2d 841 (1965) for the proposition that if it was intended that First Chicago's payment of $350,000.00 was conditioned on Gina Bernacchi's signing of a release, the insurance contract written by First Chicago "would have been expected to include the said condition as part of the written contract."

It is apparent that First Chicago assumed the risk which was known to them when the contract was entered into. First Chicago's promise to pay uninsured insurance benefits was "absolute." *Id.* It was neither expressly nor impliedly conditioned upon Bernacchi signing a release. Thus, Bernacchi's refusal to sign a release is not wrongful or in excess of her legal rights under the expressed or implied terms of the written contract. *Id.* First Chicago's failure to quality their promise, so as to make the failure of Bernacchi to sign a release an available excuse for not paying $350,000.00 rendered unavailable the alleged condition as a defense for nonperformance. *Id.*

i.   Compensatory damages of $350,000.00;

ii.  Punitive damages (*i.e., penalties*) of $60,000.00 pursuant to 215 ILCS 5/155(1)(c);

iii. Reasonable attorneys fees under 215 ILCS 5/155;

iv.  Prejudgment interest pursuant to 815 ILCS 205/2 commencing on February 11, 2021. (As of November 11, 2023, Plaintiff was entitled to $47,015.14);

v.   "Other costs" under 215 ILCS 5/155; and

vi.  Investment income earned by First Chicago Insurance Company since February 11, 2021 on Plaintiff's $350,000.00.

Dated:  November 17, 2023                    SINSON LAW GROUP

                                             /s:/  Kent D. Sinson
                                             Kent D. Sinson
                                             Attorney for Plaintiff, Gina Bernacchi

Kent D. Sinson (ARDC No. 6196953)
kent@sinsonlawgroup.com
Sinson Law Group
100 N. La Salle Street, Suite 1100
Chicago, Illinois 60602
(312) 332-2107 / Phone
(312) 332-4508 / Facsimile

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

GINA BERNACCHI,

                         Plaintiff,

    v.

FIRST CHICAGO INSURANCE COMPANY,
CHICAGO SEVEN CAB INC.
                       Defendant.

Case No. 1:23-cv-16091
**TRIAL BY JURY**

**JURY DEMAND**

In accordance with Rule 5(d), the undersigned demands a jury trial.

Dated:  <u>November 17, 2023</u>           SINSON LAW GROUP

                                       <u>/s/ Kent D. Sinson</u>
                                       Kent D. Sinson, Attorney for Plaintiff

Kent D. Sinson (Attorney No. 49089)
kent@sinsonlawgroup.com
Sinson Law Group
100 N. LaSalle Street, Suite 1100
Chicago, Illinois 60602
(312) 332-2107 / Phone
(312) 332-4508 / Fax