IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GINA BERNACCHI, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:23-cv-16091 |
| | ) | |
| v. | ) | Hon. John Robert Blakey |
| | ) | |
| FIRST CHICAGO INSURANCE COMPANY, | ) | Mag. J. Sheila M. Finnegan |
| CHICAGO SEVEN CAB INC. | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT FIRST CHICAGO INSURANCE COMPANY'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO FRCP 12(b)(1) AND 12(b)(6)**

Plaintiff, Gina Bernacchi's Complaint against Defendant, First Chicago Insurance Company ("First Chicago") must be dismissed because there is indisputably only a *de minimis* amount in controversy here. While Bernacchi's Response to Defendant, First Chicago Insurance Company's Motion to Dismiss asserts she has been deprived of $350,000, she may be entitled to a statutory penalty, and she may recover attorney's fees and costs, nowhere in the Response does Bernacchi break down exactly how the parties' dispute may exceed $75,000. *See McMillian v. Sheraton Chicago Hotel & Towers*, 567 F.3d 839, 844 (7th Cir. 2009) (to satisfy her burden, a plaintiff must do more than "point to the theoretical availability of certain categories of damages"). Bernacchi's opposition hinges upon the $350,000 in unpaid uninsured motorist bodily injury coverage benefits, but it is plainly evident from the Complaint, the accompanying exhibits, and Defendant's Motion that First Chicago stands ready and willing to pay Bernacchi $350,000. She did not need to file this lawsuit to get a check for $350,000; rather, she needed only to come up with a mutually agreeable release. Thus, $350,000 is **not** in dispute whatsoever. Bernacchi otherwise fails to meet her burden of proof by submitting a single affidavit, document, or other

1

competent evidence, that this Court is being called upon to decide a dispute of more than $75,000, as opposed to a non-monetary dispute about whether one party must sign a release in connection with an agreed-upon settlement. Therefore, Bernacchi's Complaint is subject to dismissal pursuant to FRCP 12(b)(1).

Additionally, it is evident from the face of the Complaint, accompanying exhibits, and the documents this Court may consider pursuant to FRCP 10(c), that the parties reached a settlement of this dispute, one this Court may enforce. As such, this Court may dismiss Bernacchi's Complaint pursuant to FRCP 12(b)(6).

## ARGUMENT

**I.　BERNACCHI HAS FAILED TO MEET HER BURDEN TO PROVE THE $75,000+ AMOUNT IN CONTROVERSY IS SATISFIED HERE.**

Bernacchi's Response as respects this Court's subject matter jurisdiction is replete with red herrings and patently irrelevant argument. For instance, it matters not for purposes of calculating the amount in controversy that "Ms. Bernacchi has lost the opportunity to put $350,000.000 to profitable use." ECF 18, ¶ 1. Bernacchi has not established that she may recover from First Chicago the amount of "profitable use" she could have put the $350,000 toward. Further, Bernacchi argues from whole cloth that $350,000 could have yielded $101,500 in the stock market. *Id*., ¶ 2. With no foundation provided for this bold assertion, this Court may not consider whether this theory can help Bernacchi satisfy the amount in controversy requirement.

It also matters not for purposes of calculating the amount in controversy whether there was an enforceable settlement. *Id*., ¶¶ 14-15. All that matters is First Chicago was and is ready to pay $350,000 in exchange for a release. ECF #1, p. 7; ECF # 15, p. 9, fn.7. At bottom, this dispute is inherently non-monetary – it turns upon whether Bernacchi must sign a release in order to be provided a check, or alternatively, what conditions are to be part of the release Bernacchi must

2

sign to be provided a check. And, once that condition is resolved, First Chicago will deliver a $350,000 check to Bernacchi, as it agreed pre-suit to do.

Next, Bernacchi contends she may be entitled to recover a statutory penalty under 215 ILCS 5/155 ("Section 155"), plus attorney's fees and litigation costs.[1] ECF 18, ¶¶ 14, 15, 20-22. But, Bernacchi has no rebuttal to First Chicago's undisputed arguments that: (1) she has not pleaded a stand-alone cause of action for an alleged violation of Section 155 (she instead pleaded a single breach of contract cause of action), thereby making her recovery under Section 155 a legal impossibility[2]; (2) she has failed to adequately plead essential facts to establish a violation of Section, thereby, again, making her recovery under Section 155 a legal impossibility[3]; and (3) she cannot possibly recover under Section 155, even assuming she had pleaded the requisite facts, because First Chicago agreed **pre-suit** to Bernacchi's demand for $350,000.[4] *See Gardynski-*

---

[1] Bernacchi argues she may recover her legal fees, pursuant to Section 155, but she still has not calculated her counsel's fees. It would be improper for this Court to speculate about what those amounts might be.

[2] "Section 155 does not *create* an action for unreasonable delay in settling a claim. Rather, an action alleging unreasonable delay in settling an insurance claim is one of three types of lawsuits that *trigger the application* of section 155." *Moles v. Ill. Farmers Ins. Co.*, 2023 IL App (1st) 220853, ¶ 23 (emphasis in original) (noting that Section 155 "presupposes, rather than authorizes, a suit").

[3] As explained in *American Alliance Insurance Co. v. 1212 Restaurant Group, LLC*, 342 Ill. App. 3d 500 (1st Dist. 2003), a request for Section 155 penalties should be set out in a separate and distinct claim, clearly alleging the "vexatious and unreasonable" conduct that would give rise to the imposition of this statutory remedy. *Id*. at 511. "If the insured merely states that the insurer committed vexatious and unreasonable delay without some modicum of factual support, the insured will not have stated a cause of action under section 155." *Id*., citing *Bedoya v. Ill. Founders Ins. Co.*, 293 Ill. App. 3d 668, 679 (1st Dist. 1997). Here, Bernacchi's purported cause of action for Section 155 damages should be stricken and dismissed for failure to plead sufficient facts demonstrating vexatious and unreasonable conduct on the part of First Chicago.

[4] Bernacchi's reliance upon *Millers Mutual Insurance Association v. House*, 286 Ill. App. 3d 378 (5th Dist. 1997), is misplaced. At issue there was whether the plaintiff's alleged delay in paying an undisputed amount amounted to vexatious and unreasonable conduct. Notably, the plaintiff admitted in its appellate brief that the insured "was unquestionably entitled to $40,000 in uninsured motorist coverage under the policy as written." *Id*. at 385. Further, the plaintiff admitted that if it had responded to its insured's demand for arbitration, it would have paid its insured $40,000 in liability insurance and $5,000 in medical payments at least seven months before it finally paid those amounts to the insured. *Id*. at 386. Because there was no

*Leschuck v. Ford Motor Co.*, 142 F.3d 955, 959 (7th Cir. 1998) ("Legal expenses that lie in the future and can be avoided by the defendant's prompt satisfaction of the plaintiff's demand are not an amount "in controversy" when the suit is filed.").

Still, it is irrefutable that even if Bernacchi were somehow able to recover the $60,000 maximum penalty available under Section 155, her claim is still $15,000 short of the $75,000 threshold. Accordingly, this Court lacks subject matter jurisdiction, and in turn, Bernacchi's Complaint should be dismissed with prejudice pursuant to FRCP 12(b)(1).

**II.   THE PARTIES REACHED AN ACCORD AND SATISFACTION, THEREBY PRECLUDING BERNACCHI'S BREACH OF CONTRACT ACTION**

In the alternative, and as stated in First Chicago's Motion, Bernacchi's Complaint warrants dismissal, pursuant to FRCP 12(b)(6), because the parties have reached an accord and satisfaction. Again, First Chicago stands ready to pay the $350,000 to Bernacchi upon her tender of a release.

Notably, Bernacchi asserts in a footnote in her Response that First Chicago received a release from Bernacchi prior to filing its Motion to Dismiss. ECF #18, p. 10, fn.1. However, Bernacchi neglected to mention that she gave First Chicago only 2 hours and 42 minutes to review the document, transmit it to the client, and then have the client review and sign it, is hardly acting in good faith. *See* Group **Exhibit 1**. Nonetheless, the fact that counsel for Bernacchi tendered a release at all is evidence that there has been a meeting of the minds on the amount of the settlement.

---

dispute about the insured's $40,000 coverage and $5,000 in medical payments, the *Millers* Court held that the plaintiff's act of filing a declaratory judgment action, thereby delaying the payment to its insured of the undisputed amount, was vexatious and unreasonable. *Id*. at 387. Here, by contrast, there was no undisputed amount from day one. In 2021, First Chicago attempted to resolve the matter for $45,000. This was not an "undisputed amount," but rather an amount offered in settlement, which Bernacchi rejected. As for the $350,000, Bernacchi is talking out of both sides of her mouth. Out of one side, she is disputing that the parties have an agreement. Out of the other side, she is referring to the $350,000 as an "undisputed amount." She cannot have it both ways.

WHEREFORE, Defendant FIRST CHICAGO INSURANCE COMPANY prays that this Court dismiss Plaintiff's Complaint, pursuant to FRCP 12(b)(1) for lack of subject matter jurisdiction or, in the alternative, dismiss the Complaint pursuant to FRCP 12(b)(6), and for any such other and further relief as this Court deems just and proper in the circumstances.

Dated: February 27, 2024　　　　　　　　　　　Respectfully Submitted,

**FREEMAN, MATHIS & GARY, LLP**

By:　/s/ Donald Patrick Eckler
　　　Donald Patrick Eckler

Donald Patrick Eckler (ARDC No. 6282801)
Jonathan L. Schwartz (ARDC No. 6287338)
Freeman Mathis & Gary, LLP
33 North Dearborn Street, Suite 1430
Chicago, Illinois 60602
(773) 389-6446
patrick.eckler@fmglaw.com
Jonathan.schwartz@fmglaw.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| GINA BERNACCHI, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:23-cv-16091 |
| | ) | |
| v. | ) | Hon. John Robert Blakey |
| | ) | |
| FIRST CHICAGO INSURANCE COMPANY, | ) | Mag. J. Sheila M. Finnegan |
| CHICAGO SEVEN CAB INC. | ) | |
| | ) | |
| Defendants. | ) | |

**CERTIFICATE OF MAILING**

TO: Kent D. Sinson, Sinson Law Group, 100 N. LaSalle Street, Suite 1100, Chicago, IL 60602; Via Email: kent@sinsonlawgroup.com; jill@sinsonlawgroup.com; louise@sinsonlawgroup.com

On February 27, 2024, the undersigned, a non-attorney, on oath deposes and says the attached document(s):

**First Chicago Insurance Company's Reply in Support of its**

**Motion to Dismiss Pursuant to FRCP 12(b)(1) and 12(b)(6),**

was electronically filed with the Clerk of the Court by using the CM/ECF system in the Northern District of Illinois, which will send a notice to all attorneys of record.

*/s/L. Williams*
[x] Under penalties as provided by law pursuant to 735 ILCS 5/1-109, I certify that the statements set forth herein are true and correct.

Donald Patrick Eckler (ARDC No. 6282801)
Jonathan L. Schwartz (ARDC No. 6287338)
Freeman Mathis & Gary, LLP
33 North Dearborn Street, Suite 1430
Chicago, Illinois 60602
(773) 389-6446
patrick.eckler@fmglaw.com
Jonathan.schwartz@fmglaw.com

6

# Shari Shelmadine

**From:** Kent Sinson <kent@sinsonlawgroup.com>
**Sent:** Wednesday, January 10, 2024 2:19 PM
**To:** Jonathan Schwartz; Patrick Eckler
**Subject:** RE: Bernacchi

> **Caution:** This email originated from outside of the FMG organization. **Do not click links** or **open attachments** unless you recognize the sender and know the content is safe.

Please disregard this proposed partial release. It is withdrawn.

**From:** Kent Sinson
**Sent:** Wednesday, January 10, 2024 1:22 PM
**To:** jonathan.schwartz@fmglaw.com; Patrick Eckler <Patrick.Eckler@fmglaw.com>
**Subject:** Bernacchi

Attached is a proposed partial release. We give First Chicago Insurance Company until noon on January 12th 2024 to agree or it is withdrawn.

Kent Sinson

GROUP EXHIBIT 1

1

## PARTIAL RELEASE

**Claim Number: 135889**

AGREEMENT, by and between **Gina Bernacchi,** individually, hereinafter referred to as the "Insured" and First Chicago Insurance Company herein referred to as the "Company".

RELEASE IS HEREBY ACKNOWLEDGED by the Insured of the sum of **three hundred and fifty thousand dollars and 00/100 $350,000),** in full payment and satisfaction of the undisputed compensatory damages against the company rising out of the terms and conditions of the Uninsured Motorist Bodily Injury provision of **LVA 49878- Chicago Seven Cab Inc,** issued by the company resulting from an accident which occurred on **12/24/2018 at or near Michigan Ave. and Ohio Ave. in Cook County, Illinois.**

Gina Bernacchi does not release First Chicago Insurance from her extra contractual breach of contract cause of action against First Chicago Insurance for bad faith insurance practice of vexatious and unreasonable delay in settling her claim which includes, but is not limited to, violations of 215 ILCS 5/155, 215 ILCS 154.6, 50 Ill. Administrative Code 919.50.

This Partial Release is only valid if First Chicago Insurance Company makes payment to Gina Bernacchi and the Sinson Law Group of $350,000.00 within 5 days of Ms. Bernacchi providing this executed release to lawyers for First Chicago Insurance Company. All claims in *Bernacchi v. First Chicago Insurance Company*, 23 CV 16091 other than "(i) Compensatory Damages of $350,000.00" shall proceed.

Dated: _____          _____
                                                                            Gina Bernacchi

# Shari Shelmadine

**From:** Jonathan Schwartz
**Sent:** Thursday, January 11, 2024 9:19 AM
**To:** Kent Sinson; Patrick Eckler
**Subject:** RE: Partial Mutual Release

Kent, to be clear, you're giving our client 2 hours and 42 minutes to agree?

**From:** Kent Sinson <kent@sinsonlawgroup.com>
**Sent:** Thursday, January 11, 2024 9:17 AM
**To:** Jonathan Schwartz <Jonathan.Schwartz@fmglaw.com>; Patrick Eckler <Patrick.Eckler@fmglaw.com>
**Subject:** Partial Mutual Release

> **Caution:** This email originated from outside of the FMG organization. **Do not click links** or **open attachments** unless you recognize the sender and know the content is safe.

We give your client until noon on January 11th 2024 to sign the attached mutual release and return it to us. After that it is withdrawn.

Kent Sinson

1

## **PARTIAL MUTUAL RELEASE**

**Claim Number: 135889**

AGREEMENT, by and between **Gina Bernacchi**, individually, hereinafter referred to as the "Releasor" and First Chicago Insurance Company herein referred to as the "Released Party".

RELEASE IS HEREBY ACKNOWLEDGED by the Releasor of the sum of **three hundred and fifty thousand dollars and 00/100 $350,000),** in full payment and satisfaction of the undisputed compensatory damages against the company rising out of the terms and conditions of the Uninsured Motorist Bodily Injury provision of **LVA 49878- Chicago Seven Cab Inc,** issued by the company resulting from an accident which occurred on **12/24/2018 at or near Michigan Ave. and Ohio Ave. in Cook County, Illinois.**

Gina Bernacchi does not release First Chicago Insurance from her extra contractual breach of contract cause of action against First Chicago Insurance for bad faith insurance practice of vexatious and unreasonable delay in settling her claim which includes, but is not limited to, violations of 215 ILCS 5/155, 215 ILCS 154.6, 50 Ill. Administrative Code 919.50.

This Partial Release is only valid if First Chicago Insurance Company makes payment to Gina Bernacchi and the Sinson Law Group of $350,000.00 within 5 days of Ms. Bernacchi providing this executed release to lawyers for First Chicago Insurance Company. All claims in *Bernacchi v. First Chicago Insurance Company*, 23 CV 16091 other than "(i) Compensatory Damages of $350,000.00" shall proceed.

The parties, Gina Bernacchi and First Chicago Insurance Company, in mutual consideration of the covenants herein mutually agree that Gina Bernacchi will proceed with her breach of contract action on the policy requesting extra contractual damages as alleged in Case # 23 CV 16091 prayers for relief ii, iii, iv, v, and vi.

Dated: _____

_____
Gina Bernacchi

Dated: _____

_____
First Chicago Insurance Company