**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| GINA BERNACCHI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:23-cv-16091 |
| | ) | |
| FIRST CHICAGO INSURANCE | ) | |
| COMPANY, and CHICAGO SEVEN CAB | ) | |
| INC., | ) | |
| | ) | |
| Defendants. | ) | |

**SUPPLEMENTAL MOTION OF FIRST CHICAGO INSURANCE COMPANY**
**FOR COURT TO TAKE JUDICIAL NOTICE OF**
**UNCONTROVERTED FACT**

NOW COMES Defendant FIRST CHICAGO INSURANCE COMPANY ("First Chicago"), by and through its attorneys, Freeman Mathis & Gary, LLP, and for its Supplemental Motion for this Honorable Court to take judicial notice of an uncontroverted fact, pursuant to Rule 201 of the Federal Rules of Evidence, states as follows:

1. Gina Bernacchi ("Bernacchi") put before this Honorable Court the "Partial Mutual Release" signed by both Bernacchi and a representative of First Chicago.

2. First Chicago respectfully requests that this Court take judicial notice of the letter sent to counsel for Bernacchi by counsel for First Chicago dated June 18, 2024, clarifying the circumstances under which this "Partial Mutual Release" was executed, attached hereto as Exhibit A.

3. Rule 201 of the Federal Rules of Evidence provides, in relevant part, as follows:

**Rule 201.  Judicial Notice of Adjudicative Facts**

1

(b) **Kinds of Facts That May Be Judicially Noticed**.  The court may judicially notice a

fact that is not subject to reasonable dispute because it:

(1) is generally known within the trial court's territorial jurisdiction; or

(2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.

(c) **Taking Notice**.  The court:

(1) may take judicial notice on its own; or

(2) must take judicial notice if a party requests it and the court is supplied with the necessary information.

(d) **Timing**.  The court may take judicial notice at any stage of the proceeding.

(e) **Opportunity to Be Heard**.  On timely request, a party is entitled to be heard on the propriety of taking judicial notice and the nature of the fact to be noticed.  If the court takes judicial notice before notifying a party, the party, on request, is still entitled to be heard.

4.      There is currently pending before this Court First Chicago's Motion to Dismiss

pursuant to Rules 12 (b)(1) and 12 (b)(6) of the Federal Rules of Civil Procedure.

WHEREFORE, Defendant FIRST CHICAGO INSURANCE COMPANY respectfully

prays that this Court will take judicial notice of the letter of counsel for First Chicago Insurance

Company accompanying the executed "Partial Mutual Release," and for any such other and further

relief as this Court deems just and appropriate in the circumstances.

Dated: July 30, 2024                                Respectfully Submitted,

                                                    Freeman, Mathis & Gary, LLP

                                        By:    /s/ *Donald Patrick Eckler*

Donald Patrick Eckler (ARDC No. 6282801)
Freeman Mathis & Gary, LLP
33 North Dearborn Street, Suite 1430
Chicago, Illinois 60602
(773) 389-6446
patrick.eckler@fmglaw.com



33 N. Dearborn St., Suite 1430                                              **Jonathan Schwartz**
Chicago, IL 60602                                                    D: 773.389.6440
**www.fmglaw.com**                                                  C: 773.206.8396
                                                    Jonathan.Schwartz@fmglaw.com

June 18, 2024

**VIA EMAIL**
Kent D. Sinson
Sinson Law Group
kent@sinsonlawgroup.com

**Re:**      ***Bernacchi v. First Chicago Insurance Co.*** **(Case No. 1:23-cv-16091)**

Dear Mr. Sinson:

This letter serves as First Chicago Insurance Company's ("First Chicago") formal response to your June 11, 2024 letter directed to me, which is amended by our email exchange on June 13, 2024, and June 14, 2024. On behalf of First Chicago, we have attached the enclosed executed "Partial Mutual Release," which is subject to the following two clarifications.

First, First Chicago, which had no part in drafting this "Partial Mutual Release," disagrees that Ms. Bernacchi may proceed with an "extra contractual breach of contract cause of action against First Chicago Insurance for bad faith practice of vexatious and unreasonable delay in settling her claim which includes, but is not limited to, violations of 215 ILCS 5/155, 215 ILCS 154.6, 50 Ill. Administrative Code 919.5." First Chicago contends that Ms. Bernacchi has already agreed to release that claim as part of a settlement with First Chicago, for which First Chicago was prepared to tender, and is now tendering, a check for $350,000. Whether Ms. Bernacchi may reserve any other claim against First Chicago in connection with the 12/24/2018 collision will be resolved by the Court, and this release should not be construed in any way as an admission by First Chicago that Ms. Bernacchi has or may prosecute an actionable or valid claim against First Chicago.

Second, First Chicago rejects your use of the nonessential term, "undisputed compensatory damages," as inaccurate. There has always been a dispute by the parties over the amount of "compensatory damages" to which Ms. Bernacchi may be entitled to recover. First Chicago contends that its agreement to pay $350,000 in exchange for a release of Ms. Bernacchi's claims is a compromise of its defenses to Ms. Bernacchi's claims in connection with the 12/24/2018 collision, and your drafting of a release that uses the nonessential term "undisputed compensatory damages," and First Chicago's countersignature of said release shall not be construed as an admission by First Chicago that there is, or ever has been, an absence of dispute between the parties to the release of the amount of compensatory damages to which Ms. Bernacchi may be entitled.

If you have any questions or comments about this letter, please do not hesitate to contact us.

EXHIBIT A

Very truly yours,

Jonathan Schwartz

cc:     Colleen Peslak (via email)