**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

GINA BERNACCHI,                          )
                                         )
            Plaintiff,                   )      Case No. 1:23-cv-16091
                                         )
    v.                                   )      Hon. John Robert Blakey
                                         )
FIRST CHICAGO INSURANCE COMPANY,         )      Mag. J. Sheila M. Finnegan
CHICAGO SEVEN CAB INC.                   )
                                         )
            Defendants.                  )

**DEFENDANT FIRST CHICAGO INSURANCE COMPANY'S FRCP 26(c)(1)
MOTION FOR PROTECTIVE ORDER AND TO STAY DISCOVERY PENDING THE
OUTCOME OF DEFENDANT'S MOTION TO DISMISS BASED ON THE COURT'S
<u>LACK OF SUBJECT MATTER JURISDICTION</u>**

Plaintiff, Gina Bernacchi commenced this lawsuit against Defendant, First Chicago

Insurance Company ("First Chicago") despite that this Court lacks subject matter jurisdiction over

this dispute. First Chicago moved to dismiss the lawsuit on this basis, but rather than wait for: (1)

this Court to determine whether it, indeed, has subject matter jurisdiction over this dispute; (2) the

parties to be at issue on the pleadings so they can determine what facts and issues are, indeed, in

dispute; and (3) the parties to have a FRCP 26(f) scheduling conference and this Court to issue a

FRCP 16(b) scheduling order so the parties can agree on reasonable limits on discovery, Plaintiff

went ahead and issued myriad objectionable and harassing requests for production and a Rule

30(b)(6) notice with 16 highly objectionable topics of examination. *See* Dkt. #15, 30. Plaintiff

even filed a motion to compel First Chicago's responses to the written and oral discovery after

First Chicago informed Plaintiff that beginning discovery at this point in the case would be greatly

premature and a waste of party resources (since this Court lacks subject matter jurisdiction over

the dispute). *See* Dkt. #30. While this Court has held that First Chicago "may not decline

discovery based upon the existence of the pending motion to dismiss," *see* Dkt. #32, First Chicago contends that discovery should be stayed pending the outcome of the motion to dismiss over this Court's subject matter jurisdiction, First Chicago's filing of an answer (were the motion denied in whole or in part), the holding of a scheduling conference and the entry of a scheduling order, and the parties' submission of initial disclosures compliant with FRCP 26(a)(1) (as Plaintiff's initial disclosures are woefully non-compliant).

## BACKGROUND FACTS

Plaintiff alleges she was a passenger in a taxicab owned by Defendant Chicago Seven Cab Inc. ("Seven Cab") and insured by First Chicago when it was involved in a collision with a vehicle operated by Donshawn D. Saunders, an uninsured motorist. ECF #1, ¶¶ 9, 10, 12. First Chicago policy number LVA 49878 was in full force and effect at all relevant times herein, and provided, *inter alia*, uninsured motorist bodily injury coverage. *See id.*, Ex. A. On February 10, 2020, in connection with prior state court litigation between Plaintiff, First Chicago, and Seven Cab, Judge Sanjay Tailor of the Circuit Court of Cook County, Illinois, entered an Order, finding that Plaintiff has "underinsured and uninsured motorist coverage with policy limits of $350,000.00 available to her for her alleged loss." *See* Dkt. #15, Ex. A.

Plaintiff and First Chicago settled her claim against First Chicago arising out of the motor vehicle accident, in exchange for a payment of $350,000. *See* Dkt. #1-2. First Chicago paid Plaintiff $350,000 in exchange for a mutual release, and Plaintiff cashed the check. *See* Dkt. #21, ¶ 1; Dkt. #25. Nevertheless, Plaintiff had already filed this lawsuit, alleging that First Chicago violated 215 ILCS 5/155 by not paying Plaintiff sooner and by insisting that Plaintiff execute a settlement agreement releasing her claims against First Chicago. *See generally* Dkt. #1.

Rather than wait for First Chicago to file a responsive pleading, Plaintiff moved for partial summary judgment. Dkt. #8-11. This Court denied that Motion. Dkt. #14.

First Chicago then moved to dismiss this lawsuit because this Court lacks subject matter jurisdiction, as the amount in controversy is much less than $75,000. *See* Dkt. #15, 20. While First Chicago's motion remained pending, Plaintiff issued production requests seeking, *inter alia*, all of First Chicago's "positions" taken as to liability for and damages resulting from the underlying motor vehicle accident (despite the policy limit having been paid), training materials for First Chicago's claims professionals, communications with the Illinois Department of Insurance, policies and procedures for responding to time limit demands and for evaluating damages in motor vehicle accident cases, and First Chicago's income "earned on plaintiff's money." *See* Dkt. #30, Ex. A. Plaintiff also issued a FRCP 30(b)(6) notice as respects, *inter alia*, training for claim professionals regarding "Illinois Insurance bad faith laws," the duties claim professionals owe to insureds, the investigation into Plaintiff's uninsured motorist claim, the policies and procedures for evaluating damages in a motor vehicle accident case, First Chicago's income "earned on plaintiff's money," whether First Chicago believed it had a duty to investigate Plaintiff's claim, and First Chicago's "positions" regarding fault for the motor vehicle accident (despite the policy limit having been paid). *See id.*, Ex. B. Prior to First Chicago and Plaintiff meeting and conferring on December 3, 2024 to go over the requests for production and the FRCP 30(b)(6) notice, First Chicago's counsel sent Plaintiff's counsel a letter outlining First Chicago's objections. *See* November 7, 2024 letter from Donald Patrick Eckler to Kent Sinson, a true and correct copy of which is attached hereto and incorporated herein as **Exhibit A**. The parties, unfortunately, were unable during their December 3, 2024 and December 23, 2024 conferences to reach an accord on First Chicago's objections.

**ARGUMENT**

**I.     Standard of Review**

On one hand, a party may obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ P. 26(b)(1).   On the other hand, Rule 26(c)(1) allows district courts, for good cause, to issue a protective order limiting discovery to protect a party from oppression, undue burden, or expense.

Additionally, courts have broad discretion to manage discovery, including staying discovery when the following factors indicate a stay is warranted:  "(1) whether a stay will unduly prejudice or tactically disadvantage the non-moving party; (2) whether a stay will simplify the issues in question and streamline the trial; and (3) whether a stay will reduce the burden of litigation on the parties and on the court."  *See Su v. Su*, 2022 WL 22877455, at *1 (N.D. Ill. Apr. 11, 2022) (copy attached).

**II.    Plaintiff's Grossly Premature Discovery Must Be Stayed Until First Chicago's Motion To Dismiss for Lack of Subject Matter Jurisdiction Is Decided, Until the Parties Are at Issue on the Pleadings, There is a Scheduling Order, and the Parties Have Circulated Compliant FRCP 26(a)(1) Initial Disclosures.**

There is ample good cause here to stay discovery pending the outcome of First Chicago's motion to dismiss for lack of subject matter jurisdiction, the filing of an answer (assuming this Court finds it has subject matter jurisdiction over this dispute), the holding of a scheduling conference and the entry of a scheduling order, and the parties' submission of initial disclosures compliant with FRCP 26(a)(1).  In fact, U.S. Supreme Court precedent and ample caselaw in this district make abundantly clear that merits discovery, of the kind issued by Plaintiff to First Chicago, should be stayed pending the outcome of a motion to dismiss for lack of subject matter jurisdiction, like the one filed by First Chicago here.  *See*, *e.g.*, *Aland v. U.S. Dep't of the Interior*, 22-CV-5821, 2022 WL 18027569, at *4 (N.D. Ill. Dec. 30, 2022) (copy attached) citing *U.S. Cath. Conf. v.*

*Abortion Rts. Mobilization, Inc.*, 487 U.S. 72, 79-80 (1988) (admonishing lower courts lower courts that it is "appropriate ... for a court to limit discovery proceedings at the outset to a determination of jurisdictional matters"); *DSM Desotech Inc. v. 3D Sys. Corp.*, 2008 WL 4812440, at \*2 (N.D. Ill. Oct. 28, 2008) (copy attached) ("To avoid the cost and burden of potentially unnecessary discovery, courts frequently stay discovery pending a motion to dismiss the complaint 'where the motion to dismiss can resolve a threshold issue such as jurisdiction, standing, or qualified immunity or where ... discovery may be especially burdensome and costly to the parties.'"). Plus, a stay of discovery cannot prejudice Plaintiff, but instead will save party and judicial resources.

Here, First Chicago has challenged this Court's subject matter jurisdiction over this dispute, a Motion that remains pending. On this ground, alone, a discovery stay is warranted. *See In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 331, 337 (N.D. Ill. 2005) ("[D]iscovery is generally considered inappropriate while a motion that would be thoroughly dispositive of the claims in the Complaint is pending."); *Aland*, 2022 WL 18027569, at \*4 ("The Supreme Court's admonition makes particular sense here where the threshold jurisdictional issues are dispositive and do not appear to be purely technical pleading defects. In addition to the costs to the parties, proceeding to merits discovery before subject matter jurisdiction has been litigated raises concerns about overstepping this court's authority."). In *Sterigenics U.S., LLC v. Kim*, 2019 WL 10449289 (N.D. Ill. Mar. 8, 2019) (copy attached), the plaintiff had issued subpoenas to third parties while the defendants' motion to dismiss for, in pertinent part, lack of subject matter jurisdiction was pending. *Id*. at \*1. The subpoenaed parties intervened and moved to stay discovery pending the outcome of the motion to dismiss. *Id*. Noting that a motion to dismiss does not automatically stay discovery, the district court also noted that discovery should generally be stayed when the motion to dismiss

"raises a potentially dispositive issue such as lack of subject-matter jurisdiction." *Id*. at \*2. Therefore, the district court stayed discovery as respects the intervenors. *Id*. at \*3. This Court should likewise stay Plaintiff's merits discovery to First Chicago.

Moreover, the factors for determining whether to stay discovery favor a stay of Plaintiff's merits discovery to First Chicago. First, there cannot be any witnesses or documents that will be lost or no longer discoverable if discovery is stayed until discovery here is ripe. *See Su*, 2022 WL 22877455, at \*1. Second, a stay of discovery would reduce the burden of litigation on First Chicago and this Court since the parties' disputes about the objectionable nature of the discovery would need not be decided assuming this Court grants First Chicago's motion to dismiss. *See id.*, at \*2 ("as evidenced by the multiple discovery disputes pending before this Court, a stay on discovery will greatly reduce the burden of litigation on both the parties and the Court"); *Sterigenics*, 2019 WL 10449289, at \*3 ("Nonparties and the Court should not expend significant resources dealing with discovery going to the merits of Plaintiff's motion for preliminary injunction where the Court's jurisdiction over this case is in doubt."). Third, a stay of discovery would streamline the proceedings because the Court's subject-matter jurisdiction is in doubt. *See Sterigenics*, 2019 WL 10449289, at \*2 ("Because the Court's subject-matter jurisdiction over this case is in doubt, focusing on the potentially case-dispositive motion to dismiss in advance of nonparty discovery will substantially streamline the proceedings.").

At bottom, this Court's subject matter jurisdiction remains in doubt, rendering merits discovery premature. Further, First Chicago has not yet answered Plaintiff's Complaint, so the parties lack clarity as to what is at issue in this case. And, there is no FRCP 16 Scheduling Order to ensure fairness in discovery. Given the current stage of the proceedings, Plaintiff's premature discovery requests must be stayed, and there is ample good cause to do so.

Dated: January 9, 2025             Respectfully submitted,

**FREEMAN, MATHIS & GARY, LLP**

By:     /s/ Donald Patrick Eckler
            Donald Patrick Eckler

Donald Patrick Eckler (ARDC No. 6282801)
Jonathan L. Schwartz (ARDC No. 6287338)
Freeman Mathis & Gary, LLP
33 North Dearborn Street, Suite 1430
Chicago, Illinois 60602
(773) 389-6446
Patrick.Eckler@fmglaw.com
Jonathan.Schwartz@fmglaw.com



33 North Dearborn
Suite 1430
Chicago, IL 60602

**Donald Patrick Eckler**

D: 773.389.6446
C: 954.540.2037

Patrick.Eckler@fmglaw.com

**www.fmglaw.com**

November 7, 2024

**VIA E-MAIL**
kent@sinsonlawgroup.com
Kent D. Sinson
Sinson Law Group

> RE: ***Gina Bernacchi v. First Chicago Insurance Company***
> **Court No.:**      **1:23-cv-16091**
> **File No.:**         **17099.109319**

Dear Mr. Sinson:

With respect to Plaintiff's Production Request and Deposition Subpoena and Rider to same, please allow this correspondence to serve as First Chicago Insurance Company's ("First Chicago") substantive objections to same in advance of our meet-and-confer per Judge Blakey's ruling.

First, First Chicago's Motion to Dismiss on the issue of subject matter jurisdiction remains pending before Judge Blakey. While Judge Blakey has ruled that First Chicago may not decline discovery requests based solely upon the existence of this pending motion, please know that the motion challenges this Court's subject matter jurisdiction, a point conveniently ignored by your Motion to Compel and one we will raise with the Court at the appropriate time. That is particularly significant as respects Plaintiff's discovery requests because should the Court lack subject matter jurisdiction over this matter altogether, spending party resources on discovery would be entirely wasteful. Moreover, the parties are not yet at issue with the pleadings, and even if this Court were to decide that it has subject matter jurisdiction over this dispute, the Court would assuredly require Plaintiff to amend her Complaint to address the settlement payment that was the subject of the Parties' supplemental briefing. Plus, First Chicago has not yet answered the Complaint, so Plaintiff cannot possibly know what issues are actually in dispute in this litigation, thereby making Plaintiff's document requests and notice of a Rule 30(b)(6) deposition premature and obvious harassment in the form of attempting to force First Chicago to spend resources unnecessarily.

Nonetheless, we outline here First Chicago's substantive objections to the aforementioned discovery. As a threshold matter, all of the document requests are highly objectionable because they seek information disproportionate to Plaintiff's needs in this matter. This case is a simple breach of contract dispute, per Plaintiff's Complaint, and assuming Plaintiff prevails on her cause

Exhibit A



November 7, 2024
Page 2

of action (for which there is no valid legal basis), any alleged delay by First Chicago in paying benefits owed can be addressed by the payment of interest on the principal. Hence, we do not understand why the sought-after materials are needed to calculate the payment of interest. So, we would greatly appreciate your explanation of how any of these requests are even arguably relevant to Plaintiff's simple breach of contract cause of action against First Chicago.

This threshold objection aside, Request #1 is particularly concerning because there just is no legitimate basis to demand the metadata in connection with First Chicago's entire claim file. But, if there is a particular item in dispute that warrants production of metadata, please identify that item so we can confirm whether any metadata is, indeed, available and, further, whether that metadata has any relevance to the dispute.

Requests #2 and 3 regarding all positions First Chicago took as to fault and damages, internally and externally, are protected from production by the work product doctrine and/or attorney-client privilege.

Request #4, 6, and 7 lack foundation and rest upon a faulty premise. In particular, Request #4 mistakenly presumes that claims professional at First Chicago used or relied upon any "training materials," a nebulous and undefined term, to adjust Bernacchi's claims. Also, Requests #6 and 7 mistakenly presume that claims professionals at First Chicago specifically relied upon certain "policies and procedures," also nebulous and undefined, for responding to time limit demands or for evaluating damages in motor vehicle accident cases. At bottom, there is no basis to demand the production of documents having to do with the adjustment of the claim.

Request #5 is vague and ambiguous, as you have failed to define "plaintiff's claim."

Request #8 demands production of the law firm files over which First Chicago has no control. If you want the files of Sullivan, Hincks & Conway, Mordini, Schwartz & Vine, or Leahy, Eisenberg & Fraenkel, Ltd., the proper procedure is to issue subpoenas to them requesting their files. We are under no duty to do this for you.

Request #9 demands production of materials protected by the work product doctrine because this information is at the heart of First Chicago's litigation strategy. Further, if these "third parties" are attorneys, the attorney-client privilege would protect this information from disclosure.

Request #10 is improper and harassing. First Chicago stood ready, willing, and able to tender your client's money to her for a long while. Plaintiff held this up by her unjustified refusal to provide a release in exchange for the payment.

Turning now to the "Rider" to the Notice of Deposition, which we take to be the matters of examination required of Plaintiff to identify, pursuant to Federal Rule of Civil Procedure 30(b)(6), please know that we find them all highly objectionable because, again, this case is a simple breach of contract dispute, per Plaintiff's Complaint, and assuming Plaintiff prevails on her cause of action, any alleged delay by First Chicago in paying benefits owed can be addressed by



November 7, 2024
Page 3

the payment of interest on the principal. Hence, we do not understand why there needs to be a deposition about how First Chicago handles claims, interprets insurance policy provisions, and investigated and evaluated Plaintiff's claim. Again, we welcome your explanation of how any of these topics are even arguably relevant or necessary to Plaintiff's breach of contract cause of action against First Chicago.

More specifically, Topics #1 and 10, like Production Request #4, presumes that First Chicago's claim handling is at issue here – but, it is not. Further, the undefined terms "training," "decision makers," and "Illinois Insurance bad faith laws" are ambiguous.

Likewise, Topics #2, 7, and 12's request for First Chicago's interpretation of insurance policy language seeks a legal conclusion and is not appropriate for a deposition.

Topics #4-6, 8, 12, 14, and 15, like Requests #2, 3, and 9, seek information protected by the work product doctrine and attorney-client privilege.

Topic #9, like Request #10, is improper and harassing.

Topic #11 is incomprehensible. Since First Chicago paid Plaintiff $350,000, we do not understand the inference about First Chicago alleging "waiver."

Last, as you well know, Topic #16 is premature since First Chicago has not yet been required to file an answer or affirmative defenses in this litigation.

If you have any questions or would like to discuss this matter further, please contact me at 773-389-6446 or patrick.eckler@fmglaw.com.

Very truly yours,

Donald Patrick Eckler