IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GINA BERNACCHI, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:23-cv-16091 |
| | ) | |
| v. | ) | |
| | ) | Judge John Robert Blakey |
| FIRST CHICAGO INSURANCE | ) | |
| COMPANY and CHICAGO SEVEN | ) | |
| CAB INC., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

In a single-count complaint, Plaintiff Gina Bernacchi sues Defendant First Chicago Insurance Company ("First Chicago") for breach of contract, alleging that the company has failed to pay a covered $350,000 insurance claim. [1]. Defendant moves to dismiss the claim under Rules 12(b)(1) and 12(b)(6). [15]. For the reasons stated below, the Court denies Defendant's motion.

I.  **Background**

On December 29, 2018, Plaintiff was involved in an automobile accident as a passenger in a taxicab owned by Chicago Seven Cab Inc. [1] ¶¶ 9–10. The driver of the other vehicle negligently ran a red light, striking the taxicab in which Plaintiff was a passenger. *Id.* ¶ 10. Because the driver did not have a valid driver's license, his own insurance company denied him coverage, making him an uninsured motorist at the time of the accident. *Id.* ¶ 12.

At the time of the accident, Chicago Seven Cab Inc. maintained an auto insurance policy through First Chicago under Policy No. LVA 49878-5669TX. *Id.* ¶¶

1

9, 13; [1-1] at 9. The policy includes a combined single limit of $350,000, and Uninsured Motorist Coverage, under which First Chicago agreed to pay all sums the 'insured' is legally entitled to recover as compensatory damages from the owner or driver of an 'uninsured motor vehicle.'" [1-1] at 5, 27. The policy defines among those "insured" "anyone else 'occupying' a covered 'auto.'" *Id.* at 27. Thus, on February 10, 2021, an Illinois state court entered a declaratory judgment that Plaintiff has "underinsured and uninsured motorist coverage with policy limits of $350,000.00 available to her for her alleged loss." *Id.* ¶ 15.

Plaintiff timely notified First Chicago of her loss and provided all requisite medical records. *Id.* ¶¶ 21–22. She presented medical bills totaling approximately $135,000 and $139,170.15, respectively. *Id.* ¶ 23. She also issued demands to adjust the loss on February 11, 2021, March 30, 2021, September 22, 2023, and November 3, 2023. *Id.* ¶ 25; [1-2].

On November 13, 2023, attorney Mark Mordini, on behalf of First Chicago, orally represented to Plaintiff's attorney, Kent Sinson, that First Chicago determined that it owed Plaintiff at least $350,000 under the insurance contract. [1] ¶ 33. Mordini subsequently wrote to Sinson on November 16, 2023, "I have the $350,000.00 check in hand ready to tender to you personally, upon your client signing a release in settlement of her claim." *Id.* ¶ 22, n1. Plaintiff refused to sign the release, so First Chicago refused to tender payment. *Id.* This breach of contract lawsuit followed.

2

## II.     Applicable Legal Standards

### A.     Rule 12(b)(1)

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), the plaintiff must show that the court has subject matter jurisdiction. Fed. R. Civ. Pro. 12(b)(1). Federal district courts are courts of limited jurisdiction and possess "only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377 1994); *Teamsters Nat. Auto. Transporters Indus. Negotiating Comm. v. Troha*, 328 F.3d 325, 327 (7th Cir. 2003). District courts are vested with original subject matter jurisdiction in civil actions between citizens of different states where the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332. Plaintiff bears the burden of proving that the Court has jurisdiction. *Apex Digital*, 572 F.3d at 443; *see also Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 617 (7th Cir. 2012) ("The party invoking federal jurisdiction bears the burden of demonstrating its existence.").

### B.     Rule 12(b)(6)

To survive a motion to dismiss under Rule 12(b)(6), a complaint must provide a "short and plain statement of the claim" showing that the pleader merits relief, Fed. R. Civ. P. 8(a)(2), so the defendant has "fair notice" of the claim "and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint must also contain "sufficient factual matter" to state a facially plausible claim to relief—one that "allows the court to draw the reasonable inference" that the defendant committed the alleged

3

misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). In analyzing a motion to dismiss, the Court will construe the complaint in the light most favorable to the plaintiff, accept all well-pled allegations as true, and draw all reasonable inferences in a plaintiff's favor. *See Iqbal*, 556 U.S. at 678; *Bilek v. Fed. Ins. Co.*, 8 F.4th 581, 584 (7th Cir. 2021).

### III. Analysis

Defendant seeks to dismiss for lack of subject matter jurisdiction and for failure to state a claim. The Court considers each argument in turn.

#### A. Lack of Subject Matter Jurisdiction

Section 1332 vests federal district courts with original jurisdiction over civil actions between citizens of different states[1] where the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332. To satisfy this "amount in controversy" requirement, a plaintiff need only allege in good faith that "the controversy entails a dispute over more than $75,000, exclusive of interests and costs." *Sykes v. Cook Incorporated*, 72 F.4th 195, 206 (7th Cir. 2023) (quoting *Page v. Democratic Nat'l Comm.*, 2 F.4th 630, 634 (7th Cir. 2021)).

Defendant claims the amount in controversy fall shorts of the $75,000 requirement because the parties "agreed to settle this matter for $350,000," and thus the amount is not 'in controversy"; the parties contest only the conditions of payment, namely "whether Bernacchi must sign a release in order to be provided a check." [15] at 5; [20] at 2.

---

[1] The Complaint sufficiently alleges diversity of citizenship. Defendants First Chicago and Chicago Seven Cab Inc. are citizens of Illinois, and Plaintiff is a citizen of Michigan. [1]1 ¶¶ 4–6. This is not disputed.

4

This frivolous argument misconstrues the "amount in controversy" requirement, which concerns "the amount at stake to either party to the suit," *BEM I, L.L.C. v. Anthropologie, Inc.*, 301 F.3d 548, 553 (7th Cir. 2002). The fact that the actual sum is not disputed is of no moment; what matters for jurisdictional purposes is the case's worth to the litigants. *See id.; see also Uhl v. Thoroughbred Tech. & Telecomms., Inc.*, 309 F.3d 978, 983 (7th Cir. 2002) (The "jurisdictional amount should be assessed looking at either the benefit to the plaintiff or the cost to the defendant of the requested relief.").

The Complaint alleges that Defendant valued Plaintiff's claim at $350,000 and breached the insurance contract by failing to pay the $350,000 in Uninsured Benefits owed to her. For this breach, Plaintiff seeks $350,000 in compensatory damages. Thus, this case is "over more than $75,000," as Plaintiff could be at least $350,000 richer if she prevails.[2] *See Sykes*, 72 F.4th at 206. In short, Plaintiff has satisfied the amount in controversy requirement, demonstrating the existence of subject matter jurisdiction. The Court denies Defendant's motion to dismiss based upon lack of subject matter jurisdiction.

---

[2] Defendant also argues that Plaintiff cannot use costs, attorney's fees or penalties under § 155 to satisfy the amount in controversy requirement. As indicated above, the jurisdictional requirement must be met exclusive of costs. This Court need not reach Defendant's other arguments, however, because the Complaint's allegation of the $350,000 at stake alone satisfies the jurisdictional requirement without consideration of other expenses.

5

## B. The Sufficiency of Plaintiff's Breach of Contract Allegations

Defendant alternatively argues that Plaintiff's breach of contract claim fails as a matter of law because the parties reached an accord and satisfaction, which discharged the obligation to pay Plaintiff under the initial contract. [15] at 7.[3]

An accord and satisfaction settlement is a contractual method of discharging claims between parties to an agreement. *MKL Pre-Press Elecs./MKL Computer Media Supplies, Inc. v. La Crosse Litho Supply, LLC*, 840 N.E.2d 687, 691 (Ill. App. Ct. 2005). To find an accord and satisfaction, the record requires: "(1) a *bona fide* dispute as to the claims pending between the parties; (2) an unliquidated sum owed; (3) consideration, (4) a shared mutual intent to compromise the claims; and (5) execution of the agreement." *Id.* (citing *Saicheck v. Lupa*, 787 N.E.2d 827 (Ill. App. Ct. 2003)). The "accord" is the actual agreement between the parties, while the "satisfaction" is its execution or performance. *Saichek*, 787 N.E.2d at 832.

But the existence of an accord and satisfaction resolution remains an affirmative defense. Fed. R. Civ. Proc. 8(c). As such, it is typically inappropriate for resolution on a motion to dismiss for failure to state a claim because "a plaintiff is not required to anticipate potential affirmative defenses in its complaint." *See, e.g., Davis v. Indiana State Police*, 541 F.3d 760, 763 (7th Cir. 2008).

---

[3] Defendant's motion does not contend that the Complaint otherwise insufficiently alleges a viable breach of contract claim, beyond asserting that the Complaint fails to cite a provision allegedly breached by Defendant. This challenge fails; the Complaint specifically cites the "Illinois Uninsured Motorist Coverage" provision requiring Defendant to "pay all sums the 'insured' is legally entitled to recover as compensatory damages from the owner or driver of an 'uninsured motor vehicle.'" [1] ¶ 20, The Complaint further alleges that Chicago Seven Cab Inc. performed all its obligations under the insurance contract, *id.* ¶ 31, Plaintiff complied with her obligations under the contract to timely notify Defendant and to provide the requisite medical documentation, *id.* ¶¶ 21–23, and Defendant "breached the insurance contract by failing to pay the undisputed $350,000.00 value of the claim," *id.* ¶ 33.

6

In some cases, a plaintiff may plead herself out of court by alleging facts that demonstrate that she has no legal claim. *Trevino v. Union Pac. R.R. Co.*, 916 F.2d 1230, 1234 (7th Cir. 1990); *see also Thrasher-Lyon v. Illinois Farmers Ins. Co.*, 861 F.Supp.2d 898 (N.D. Ill. 2012) ("Granting a motion to dismiss on the basis of an affirmative defense is only appropriate where a plaintiff has alleged all elements of affirmative defense in her complaint"). That is not the case here.

The Complaint's allegations directly contradict Defendant's accord and satisfaction claim. Plaintiff alleges that Defendant's counsel offered to tender Plaintiff's counsel a $350,000 check to settle the dispute, on the condition that Plaintiff agreed to sign a release in settlement of her claim. *Id.* ¶ 22, n1. Plaintiff refused this condition, and Defendant refused to tender payment without it. *Id.* Indeed, Defendant's motion affirmatively acknowledges this fact, which directly undermines its defense and suggests that no agreement was reached. *See* [15] at 9. Defendant also attaches to its motion emails wherein Defendant asks Plaintiff's attorney if Plaintiff will agree to the release, and Plaintiff's attorney responds, "No they are not entitled to a release. This is not a settlement." [15-2] at 2–3.[4] The Complaint and relevant exhibits reveal no "meeting of the minds with the intent to settle the dispute," nor payment in satisfaction of the agreement performed. *See Sims-Madison v. Inland Paperboard and Packaging, Inc.*, 379 F.3d 445, 450 (7th Cir. 2004) (discussing elements of accord and satisfaction).

---

[4] The Court may consider the documents attached to Defendant's motion to dismiss as part of the pleadings, because they are referred to in the Complaint and central to Plaintiff's claim. *188 LLC v. Trinity Indus.*, 300 F.3d 730, 735 (7th Cir. 2002).

7

This Court therefore denies Defendant's motion to dismiss Plaintiff's breach of contract claim based upon Defendant's defense of an accord and satisfaction.

### C.  Damages Under Section 155

In addition to alleging breach by failure to pay the sum owed, the Complaint also alleges that Defendant breached the contract by "engaging in unreasonable delay in paying the claim from February 11, 2021 to Present." [1] ¶ 34. For this breach, Plaintiff seeks damages under § 155 of the Illinois Insurance Code, which allows an insured to recover "attorney fees, costs, and statutory damages in an action against an insurer when the court determines, in its discretion, that the insurer's delay in settling a claim was unreasonable and vexatious considering the totality of the circumstances." *Sabrina Roppo v. Travelers Com. Ins. Co.,* 869 F.3d 568, 596 (7th Cir. 2017) (citing *Garcia v. Lovellette*, 639 N.E.2d 935,, 937 (Ill. App. Ct. 1997)); 215 Ill. Comp. Stat. 5/155.

Defendant argues that Plaintiff's request for damages under § 155 should be stricken, because: (1) Plaintiff's breach of contract claim fails due to the accord and satisfaction, and § 155 creates no independent cause of action; and (2) Plaintiff has failed to allege facts showing entitlement to such damages. [15] at 10. Although it is true that § 155 does not create an independent cause of action and instead provides an "extracontractual remedy to an action on a policy," *Hennessy Indus. v. Nat'l Union Fire Ins. Co.*, 770 F.3d 676, 679 (7th Cir 2014) (quoting *Cramer v. Insurance Exchange Agency*, 675 N.E.2d 897, 902 (Ill. 1996)), Defendant's first argument fails, because Plaintiff *has* a viable breach of contract claim.

8

As for Plaintiff's entitlement to damages under § 155 for unreasonable delay, this issue must be decided upon a full record; whether "an insured acted unreasonably or vexatiously presents an issue of fact requiring courts to consider the totality of the circumstances." *Souza v. Erie Insurance Co.*, No. 22-cv-3744, 2023 WL 4762712 (N.D. Ill. July 25, 2023) (citing *Med. Protective Co. v. Kim*, 507 F.3d 1076, 1086 (7th Cir. 2007)).

Here, the Complaint alleges that Defendant unreasonably delayed paying the claim for nearly three years, after receiving proof of loss and after conceding the value of Plaintiff's claim under the insurance contract. [1] ¶ 2. The Complaint also alleges "bad faith" on the part of Defendant. *Id.* ¶ 28. Construing all inferences in Plaintiff's favor as this Court must, the alleged delay tactics included Defendant's requiring Plaintiff to sign a release of future claims in order to receive the payment to which she was entitled, a prerequisite that appears nowhere in the insurance contract.

The Court denies Defendant's motion to strike Plaintiffs' request for damages under § 155.

## IV. Conclusion

For the reasons explained above, the Court denies Defendant's motion to dismiss. [15].

Dated: February 6, 2026   Entered:

_____
John Robert Blakey
United States District Judge

9