**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| GINA BERNACCHI, | |
| Plaintiff, | |
| v. | Case No. 1:23-cv-16091 |
| FIRST CHICAGO INSURANCE COMPANY, and CHICAGO SEVEN CAB INC. | |
| Defendants. | |

**JOINT STATUS REPORT**

I.    **Service of Process**

First Chicago Insurance Company ("First Chicago") filed its answer and affirmative defenses to Plaintiff's complaint on February 27, 2026 (Dkt. 63).

II.    **The Nature of the Case**

a.    **Attorneys of Record.**

| | |
|---|---|
| Kent D. Sinson (ARDC #6196953) | Donald Patrick Eckler (ARDC #6282801) |
| SINSON LAW GROUP | Jonathan L. Schwartz (ARDC #6287338) |
| 100 N. LaSalle Street, Suite 1100 | FREEMAN MATHIS AND GARY, LLP |
| Chicago, IL 60602 | 33 N. Dearborn St., Ste. 1430 |
| Tel: (312) 332-2107 | Chicago, IL 60602 |
| kent@sinsonlawgroup.com | Tel: (773) 389-6446 |
| *Counsel for Plaintiff* | Patrick.Eckler@fmglaw.com |
| | Jonathan.Schwartz@fmglaw.com |
| | *Counsel for First Chicago Insurance Company* |

b.    **Basis for federal jurisdiction.**

Jurisdiction is based on diversity of citizenship, 28 U.S.C. § 1332. First Chicago is a corporation that is organized under the laws of Illinois with its principal place of business in Bedford Park, Illinois. Plaintiff is a resident and citizen of the State of Michigan. The amount in controversy exceeds $75,000, exclusive of interest and costs.

c.    **Nature of the claims asserted in the complaint and any counterclaims or affirmative defenses.**

On February 21, 2021, Gina Bernacchi submitted her proof of loss to First Chicago and demanded payment of the $350,000.00 policy limits. Plaintiff contends that First Chicago engaged in bad faith improper claims practices causing vexatious and unreasonable delay in making payment. It was not until July 2024 - 3 ½ years later when First Chicago finally paid the claim. Several hundred thousand dollars in attorney fees were incurred by plaintiff prosecuting her claim since February 2021. Bernacchi did not and would never release her rights to prosecute her bad faith claim in exchange for her receiving her entitled benefits under the terms of the contract. First Chicago never claimed this was not a covered loss. There never was any coverage dispute. First Chicago had judgment entered against it, determining that the contract provided 350,000.00 of uninsured coverage. A judgment that was never appealed.

First Chicago disputes Plaintiff's claim of liability and damages and asserts affirmative defenses of accord and satisfaction, unclean hands, waiver, estoppel, and failure to mitigate. First Chicago specifically contends that it settled Plaintiff's claim for $350,000 and was entitled to insist on a release of Plaintiff's claims against it in exchange.

> **d.      Major legal and factual issues anticipated in the case.**

The parties dispute whether First Chicago owed Plaintiff any duty to settle the claim, the handling of the underlying claim, and whether Plaintiff has suffered any damage. First Chicago contends, among other things, that it and Plaintiff were engaged in a bona fide dispute about her claim and the coverage available under the subject policy.

> **e.      Type and calculation of damages and any other relief sought by Plaintiff.**

Plaintiff Gina Bernacchi is entitled to the following damages:

> i)      Punitive Damages (i.e., penalties) of $60,000.00 pursuant to 215 ILCS 5/155(1)(c)
> ii)      Reasonable Attorney Fees under 215 ILCS 5/155
> iii)      Investment income First Chicago Insurance Company earned on $350,000.00 between February 2021 and July 2024.
> iv)      "Other costs" under 215 ILCS 5/155
> v)      Prejudgment interest pursuant to 815 ILCS 202/2.

## III.      Pending Motions and Case Plan

> **a.      Identify all pending motions.**

> None.

> **b.      Proposal for discovery and a case management plan.**

> > (1)  The general type of discovery needed, including any potential electronic discovery or bifurcated discovery;

> > **Written discovery, oral fact discovery, and expert discovery.**

(2) A date for Rule 26(a)(1) disclosures: **April 15, 2026**

(3) A date to issue written discovery: **April 30, 2026**

(4) The need for, and content of, any proposed confidentiality orders, in accordance with the Local Rules for the Northern District of Illinois (parties should start with the model confidentiality order, file a motion seeking entry of the order, and send a redlined version and a clean Word version to proposed_order_blakey@ilnd.uscourts.gov).

The parties will prepare a confidentiality order to submit to the Court.

(5) The need for, and content of, any Health Insurance Portability and Accountability Act (HIPAA) waivers. **None.**

(6) A fact discovery completion date: **December 15, 2026**

(7) Whether there will be expert discovery, and, if so, an expert discovery completion date (including proposed deadlines for expert disclosures and depositions)

Plaintiff's expert disclosure: **January 15, 2027**

Plaintiff's expert deposition completed: **February 16, 2027**

Defendant's expert disclosure: **March 16, 2027**

Defendant's expert deposition completed: **April 16, 2027**

(8) A proposed date for the filing of dispositive motions (if any): **May 17, 2027**

(9) A tentative trial date: **September 13, 2027**

## IV.  Consent to Proceed Before a Magistrate Judge

First Chicago consents to proceeding before the Magistrate.

Plaintiff's position is that the District Court correctly granted motions part of docket 44, 47 and 51. Defendant has failed to comply with that ruling and should be defaulted. Any request to reconsider that ruling must be addressed by the District Court and not the Magistrate. Plaintiff does not object to the involvement of the Magistrate for other discovery issues.

## V.  Status of Settlement Discussions

a.  **Status of settlement discussions.**

Page **3** of **4**

Plaintiff would be willing to engage in settlement talks after Defendant produces the requested documents and after Defendant produces its corporate representative for a deposition.

b. **Indicate whether the parties request a settlement conference**.

Not at the time, but perhaps in the future. Parties have discussed a private mediation.

Dated: March 19, 2026

Respectfully submitted,

*/s/Donald Patrick Eckler*
Donald Patrick Eckler (ARDC #6282801)
Jonathan L. Schwartz (ARDC #6287338)
FREEMAN MATHIS AND GARY, LLP
33 N. Dearborn St., Ste. 1430
Chicago, IL 60602
Tel: (773) 389-6446
Patrick.Eckler@fmglaw.com
Jonathan.Schwartz@fmglaw.com
**Counsel for First Chicago Insurance Company**

*/s/Kent D. Sinson*
Kent D. Sinson (ARDC #6196953)
SINSON LAW GROUP
100 N. LaSalle Street, Suite 1100
Chicago, IL 60602
Tel: (312) 332-2107
kent@sinsonlawgroup.com
**Counsel for Plaintiff**